UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTOINETTE TAKIA BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01171-TWP-MJD |
| | ) |
| ARDAGH GROUP S.A., | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's motion to strike Defendant's affirmative defenses. [Dkt. 19 & Dkt. 27.] Plaintiff seeks to strike and summarily dismiss Defendant's affirmative defense Nos. 1 through 12. *Id.* On August 19, 2019, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 32.] For the reasons set forth below, the Magistrate Judge recommends Plaintiff's Motion be **DENIED**.

**I. Background**

Plaintiff alleges in her complaint that she worked as an Accounts Payable Manager for Defendant. [Dkt. 1.] Plaintiff alleges that she received a raise, a positive evaluation, and a company bonus in March 2018. [Dkt. 1 at 3.] In May 2018, however, Plaintiff's employment was terminated for the stated reason that she was "engaging in serious accounting irregularities, such as deleting Accounts Payable invoices." *Id.* Plaintiff claims her termination was a pretext for race discrimination in violation of Title VII and Section 1981. *Id.* Plaintiff also asserts a

defamation claim under Indiana law, alleging that Defendant made false claims regarding her termination. *Id.* Finally, Plaintiff claims that Defendant violated her rights under Indiana Code Title 27 Insurance Article 8 § 27-8-15-31.1, by terminating her employee medical benefits. *Id.* In its Amended Answer, Defendant asserted twelve affirmative defenses. [Dkt. 14.] Plaintiff moves to strike these affirmative defenses. [Dkt. 19 and Dkt. 27.]

## II. Legal Standard

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are appropriate when they expedite matters by "remov[ing] unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Power Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). A court may thus strike defenses that are "insufficient on the face of the pleadings," that fail "as a matter of law," or that are "legally insufficient." *Id.* at 1294. District courts have considerable discretion in ruling on motions to strike. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009).

## III. Discussion

Plaintiff moves to strike and dismiss Defendant's affirmative defenses, arguing that each fails to provide enough factual support to give Plaintiff fair notice of how Defendant plans to prove the defenses at trial. [Dkt. 19 and Dkt. 27.] While defenses comprising "nothing but bare bones conclusory allegations" are deficient, *Heller,* 883 F.2d at 1295, the specific detail of factual material that a defense must include is unclear. *Id.* The Seventh Circuit has yet to determine whether the stringent pleading standard for complaints outlined in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, (2009), also applies

to affirmative defenses.[1]  The notice pleading standard requires a defendant to put plaintiff on notice of the defenses asserted, but does not require the assertion of "specific facts or legal theories."  *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 868 (7th Cir. 2002).  Even if a defense is insufficient, the Court must determine whether to strike the defense with or without prejudice.  "Courts strike defenses that are inadequately pleaded without prejudice so that defendants can fix any shortcomings of inadequately pleaded defenses.  On the other hand, Courts strike with prejudice defenses that are not appropriately pleaded as affirmative defenses or for which it is impossible for the defendant to prove a set of facts in support."  *Hayes v. Agilysys, Inc.,* 2009 WL 891832, at *1 (N.D. Ill. Mar. 30, 2009).

   1. *Failure to State a Claim: Defense No. 1*

Plaintiff argues that the Court should strike Defendant's affirmative defense No. 1 because Defendant has not alleged how Plaintiff failed to state a claim.  [Dkt. 14 at 2.]  The Court will not strike the defense on this ground.  The Rules allow parties to raise the defense of "failure to state a claim upon which relief can be granted" in the responsive pleading.  Fed. R. Civ. P. 12(h)(2)(A).  It is a non-waivable defense that may be asserted at any time.  The defense in a responsive pleading is a mere nullity; without some factual or legal support, it does not affect the outcome of the proceedings.  Typically, parties ignore this assertion in a pleading as harmless.  *See e.g.*, *Malibu Media, LLC v. Julien*, No. 1:12-CV-01730-TWP-MJD, 2013 WL 5274262, at 1 (S.D. Ind. 2013).  The Court will not rule on the merits of Defendant's Rule 12(b)(6) defense unless and until Defendant has properly raised it by motion and provided facts and/or legal authority to support it.  However, striking it would serve no purpose; accordingly,

---

[1] Applying the more stringent Twombly/Iqbal pleading standard to affirmative defenses is the majority view in at least one district in this Circuit. *See Shield Technologies Corp. v. Paradigm Positioning*, LLC, 2012 WL 4120440 (N.D. Ill. 2012).

the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defense No. 1 be **DENIED**.

    2. *Time Barred: Defense No. 2*

Defendant's affirmative defense No. 2 states that Plaintiff's claims are time-barred because they are based on conduct that occurred more than 300 days before Plaintiff filed her charge of discrimination with the EEOC. [Dkt. 14.] A Title VII plaintiff must file a charge with the EEOC within 300 days of the alleged discrimination. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). If a plaintiff misses this deadline, the charge is untimely, and the plaintiff cannot proceed with litigation in federal court. *Id*. A timely-filed charge is a "prerequisite to bringing a Title VII . . . claim." *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Failure to meet this prerequisite is an affirmative defense. *Volovsek v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003). While Plaintiff argues "whether the claims were filed October 4, 2018, or accepted October 24, 2018, the additional 20 days would still put Plaintiff in the appropriate 180 or 300-day lookback period," [Dkt. 31 at 3], this is an argument on the factual merits of the defense, which is not appropriate for a motion to strike. By referencing the 300-day EEOC filing requirement, Defendant's affirmative defense No. 2 adequately notifies Plaintiff which administrative and statutory prerequisite is at issue. Accordingly, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defense No. 2 be **DENIED**.

    3. *Lack of Administrative Process: No. 3*

Plaintiff moves to strike Defendant's affirmative defense No. 3, which alleges that Defendant was denied the opportunity to participate in the EEOC administrative process because

Plaintiff misstated Defendant's address on her EEOC Charge. [Dkt. 14 at 8.]  Plaintiff claims that the EEOC notified Defendant, but Defendant had "failed to participate in the administrative process." [Dkt. 31 at 4.]  Plaintiff also argues that the EEOC changed to an electronic notifications system and that Defendant received the notice of the Charge electronically, but failed to respond. *Id.*  Again, a motion to strike is not the proper vehicle for addressing the factual merits of a defense.  Defendant has put Plaintiff on fair notice of its defense that her claims are barred from consideration in this lawsuit because Defendant did not receive the opportunity to participate in the EEOC administrative process.  Therefore, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defense No. 3 be **DENIED**.

      *4.  Notice: No. 4*

Plaintiff argues that the Court should strike Defendant's affirmative defense No. 4, which alleges that Plaintiff did not meet the 90-day deadline for commencing her suit after receiving the EEOC Notice of Right to Sue. [Dkt. 14 at 8.]  Failure to sue within 90 days is an affirmative defense as to which the defendants have the burden of showing plaintiff's "complaint was filed more than 90 days after [she] received sufficient notice of [her] right to sue." *DeTata v. Rollprint Packaging Products, Inc.*, 632 F.3d 962, 970 (7th Cir. 2011).  The 90-day period does not start running until the claimant or her agent receives the right-to-sue letter from the EEOC. *Id.* at 967.  Plaintiff asserts that her claims are timely and that she commenced her lawsuit within 90 days of receiving the EEOC Notice of Right to Sue. [Dkt. 31 at 5.]  Plaintiff also claims that she "calculated 3 days from the date it was issued, [December 19, 2018], the date the notice was received." *Id.*  Defendant claims that Plaintiff was not entitled to extend her time by an additional three days under Federal Rule of Procedure 6(d). [Dkt. 14 at 8.]  As noted earlier, Plaintiff's challenge on the factual merits of the affirmative defense is not the proper subject of

5

this motion.  Accordingly, the Magistrate Judge recommends **DENYING** Plaintiff's motion to strike as to Defendant's defense No. 4.

     5. *Damages: Nos. 5, 9*

Defendant claims in affirmative defense No. 5 that Plaintiff failed to mitigate her damages and claims in affirmative defense No. 9 that Plaintiff's damages are limited.  Defendant asserts in defense No. 5 that Plaintiff has failed to "make reasonable attempts to mitigate her damages" and "exercise reasonable diligence" for the period in which Plaintiff is claiming lost wages and benefits.  [Dkt. 14 at 9.]  In affirmative defense No. 9, Defendant asserts that Plaintiff's claims "exceed the amount permissible under federal law" because "her claims are impermissibly speculative."  [Dkt. 14 at 10.]  Defendant further states in defense No. 9 that "to the extent, Plaintiff seeks compensatory damages subject to statutory caps, for example under 42 U.S.C. § 1981a, her claims are subject to those limitations."  *Id*.  While Courts have held that such cursory defenses are usually insufficient, courts typically permit threadbare pleading of the mitigation defense because defendants are often unable to learn the factual specifics of the plaintiff's mitigation efforts without discovery.  *In Retail Fund Algonquin Commons, LLC. v. Abercrombie & Fitch Stores, Inc.*, No. 09 C 5824, 2010 WL 1873725, at *2 (N.D. Ill. May 10, 2010); *see also Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at *4 (N.D. Ill. Feb. 11, 2009).  Defendant has sufficiently put Plaintiff on notice that her mitigation efforts and the statutory limitation of damages will be at issue in this case.  Therefore, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defenses No. 5 and No. 9 be **DENIED**.

### 6. Punitive Damages: No. 6

Plaintiff argues the Court should strike Defendant's affirmative defense No. 6, which states that Defendant is not liable for punitive damages because it made good-faith efforts to comply with the law by implementing policies, procedures, and training to prevent improper workplace acts. [Dkt. 14 at 9.] Plaintiff contends that the good-faith defense is only available where Defendant took no tangible employment action. [Dkt. 31 at 6.] The Supreme Court has held that "in the punitive damages context, an employer is not vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with Title VII." *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 545, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999). As the Supreme Court recognized, "[g]iving punitive damages protection to employers, who made good-faith efforts to prevent discrimination in the workplace accomplishes Title VII's objective of motivat[ing] employers to detect and deter Title VII violations." *Id.* While some Circuit Courts have established this rule as an affirmative defense, the Seventh Circuit has yet to weigh in on the issue.[2] Defendant's defense No. 6 raises a defense in accordance with *Kolstad* on which Defendant will bear at least arguably the burden of proof. As such, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defense No. 6 be **DENIED**.

---

[2] The Court notes that the Seventh Circuit's Pattern of Jury instructions treat the *Kolstad* rule as an affirmative defense. *See* Fed. Civ. Jury Instr. 7th Cir. 3.13 (2018) (stating "you must go on to consider whether Defendant has proved two things by a preponderance of the evidence: 1. Defendant exercised reasonable care to prevent and correct any harassing conduct in the workplace. 2. Plaintiff unreasonably failed to take advantage of opportunities provided by Defendant to prevent or correct harassment, or otherwise avoid harm. If you find that Defendant has proved these two things by a preponderance of the evidence, your verdict should be for Defendant.")

> 7. *Failure to Exhaust: No. 7*

In her EEOC Charge, Plaintiff asserts a claim for racial discrimination against Defendant. [Dkt. 1.] Plaintiff states in her motion to strike that she intends to pursue hostile work environment and retaliatory termination claims in this case. [Dkt. 31.] Defendant asserts in affirmative defense No. 7 that Plaintiff failed to exhaust her administrative remedies because the claims of discrimination under Title VII are not included in the Charge filed with the EEOC. [Dkt. 14 at 9.] A plaintiff's failure to exhaust administrative remedies is an affirmative defense in a Title VII case. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007). Plaintiff is aware of the steps that she took to pursue her claims against Defendant during the EEOC proceeding, and Defendant has provided Plaintiff fair notice that whether those actions taken are sufficient to exhaust her administrative remedies as to all of the claims she has not asserted will be at issue in this case. Accordingly, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defense No. 7 be **DENIED**.

> 8. *Exercise of Reasonable Care: No. 8*

Plaintiff moves to strike Defendant's affirmative defense under the *Farragher-Ellerth* standard, which bars employer liability for a hostile work environment claim under Title VII when: (1) "the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior" and (2) "the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998). An exception to the defense, however, prevents defendants from relying on it when a "supervisor's harassment culminates in a tangible employment action, such as discharge." *Faragher*, 524 U.S. at 808, 118

S. Ct. at 2293; *Ellerth*, 524 U.S. at 765, 118 S. Ct. at 2270.  Defendant argues that it "exercised reasonable care" to prevent and correct any harassing behavior promptly and that Plaintiff "failed to take advantage of preventative opportunities" offered by Defendant to avoid the harm.  [Dkt. 14 at 10.]  Again, Defendant has adequately given fair notice to Plaintiff that it intends to rely on the *Farragher-Ellerth* defense to argue that Plaintiff failed to follow the employment policy regarding reporting harassing behavior, Plaintiff failed to provide notice to Defendant, and that Defendant took the reasonably appropriate and remedial actions.  [Dkt. 14 at 10.]  Defendant's eighth affirmative defense withstands Plaintiff's motion to strike because it is an appropriate assertion of a defense under *Faragher* and *Ellerth*.  Therefore, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defense No. 8 be **DENIED**.

> 9.  *Truth and Qualified Privilege: Nos. 10 and 11*

Plaintiff moves to strike Defendant's affirmative defense No. 10 of truth and affirmative defense No. 11 of qualified privilege, both of which relate to Plaintiff's defamation claim.  According to Plaintiff, Defendant has provided insufficient facts to allege truth and qualified privilege as a defense to her defamation claim.  [Dkt. 31 at 9.]  Truth is an absolute bar to recovery for defamation.  *Glob. Relief Found., Inc. v. New York Times Co.*, 390 F.3d 973, 974 (7th Cir. 2004).  Moreover, a defendant need not establish the literal truth of the allegedly defamatory statement; rather, substantial truth is sufficient: "[w]here the main charge, or gist, of the libel [or defamation] is true, minor errors that do not change a reader's perception of the statement do not make the statement actionable."  *Id.*  Qualified privilege is also an affirmative defense to a defamation claim.  *Kelley* v. *Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007)  Under Indiana law, allegedly defamatory statements are protected by a qualified privilege if they are made in good-faith.  Id.  Defendant alleges that "Plaintiff's performance at Ardagh did not meet

9

legitimate expectation of her position … and all statements made by Defendant were true." [Dkt. 14 at 10.] In defense No. 11, Defendant asserts that it is entitled to qualified privilege because Defendant's statements were made in "good-faith and without malice." [Dkt. 14 at 10.] Defendant also argues that its statements and conduct were made in good-faith "to protect the business from Plaintiff's actions." [Dkt. 14 at 11.] Defendant has pled sufficient facts to provide Plaintiff with fair notice of the nature of these defenses to her defamation claim. As such, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defenses of No. 10 and No. 11 be **DENIED**.

*10. ERISA: No. 12*

Plaintiff alleges that Defendant violated Indiana Code 27-8-15-31.1, by cancelling her medical benefits upon her termination from her employment. [Dkt. 1 at 3.] On the other hand, Defendant states that its employee benefit plans are governed by the Employee Retirement Income Security Act of 1974 (ERISA) because Defendant is engaged in an "industry affecting commerce" and that Plaintiff's claims are preempted pursuant to ERISA's preemption provision, 29 U.S.C.A. § 1144. [Dkt. 29 at 7.] Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. *Heller*, 883 F.2d at 1294. Defendant has pled sufficient factual details and provided adequate notice to Plaintiff of the nature of the ERISA preemption affirmative defense and how it relates to Plaintiff's allegation of improper termination of medical benefits as stated in her Complaint. Accordingly, the Magistrate Judge recommends Plaintiff's motion to strike Defendant's affirmative defense No. 12 be **DENIED**.

## IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends the Court **DENY** Plaintiff's motion to strike Defendant's affirmative defenses. [Dkt. 19 & Dkt. 27.]

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  4 SEP 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ANTOINETTE TAKIA BELL
12240 Misty Way
Indianapolis, IN 46236

Brian L. McDermott
JACKSON LEWIS PC (Indianapolis)
brian.mcdermott@jacksonlewis.com

Caitlin S. Schroeder
JACKSON LEWIS PC (Indianapolis)
caitlin.schroeder@jacksonlewis.com