UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTOINETTE TAKIA BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01171-TWP-MJD |
| | ) | |
| ARDAGH GROUP S.A., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO QUASH**

This matter is before the Court on Plaintiff's Motion to Quash Subpoena. [Dkt. 53.] For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I. Background**

*Pro se* Plaintiff Antoinette Takia Bell alleges that Defendant terminated her employment based on her race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. [Dkt. 1.] Plaintiff seeks, among other things, recovery of back and front pay. [Dkt. 1 at 3.] Defendant contends that it terminated Plaintiff because she engaged in serious accounting irregularities, such as deleting Accounts Payable invoices, and thus was terminated based on her performance.

On December 13, 2019, during Plaintiff's deposition, Defendant learned that four different companies had employed Plaintiff since the termination of her employment with Defendant, including Ascension MSC ("Ascension"). [*See* Dkt. 56-5 at 3.] At issue in the

instant motion is Defendant's desire to serve a subpoena *duces tecum* on Ascension,[1] seeking

"Plaintiff's application, disciplinary records, and records related to her termination." [Dkt. 56 at

4.] Plaintiff moves to quash the subpoena, raising several reasons why she believes Defendant

should not be permitted to serve the subpoena on Ascension.

## II. Discussion

Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas, states:

> On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). The breadth of discoverable material via a subpoena parallels

the liberal scope under Rule 26(b), permitting discovery so long as the material sought is

relevant, and not privileged. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253-54 (S.D. Ind.

2002). The party seeking to quash a subpoena bears the burden of establishing that it is

improper. *Holifield v. United States,* 909 F.2d 201, 2014 (7th Cir. 1990). As with other

discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of

the district court. *Sullivan v. Gurtner Plumbing, Inc.,* 2012 WL 896159, at *1 (N.D.Ill. Mar. 13,

2012) (citing *United States v. Ashman,* 979 F.2d 469, 495 (7th Cir. 1992)).

Plaintiff objects to Defendant serving the subpoena on Ascension on the basis that it is

burdensome and not proportional to the case. [Dkt. 53 at 4.] However, "[c]ourts have

consistently rejected the position that a party who is not the recipient of a subpoena can

nonetheless challenge that subpoena because it creates an undue burden." *Malibu Media, LLC v.*

---

[1] Defendant initially planned to serve subpoenas *duces tecum* on all four of Plaintiff's subsequent employers. After conferring with Plaintiff, Defendant agreed to move forward with only one subpoena on Ascension. [Dkt. 56 at 8.]

*Doe*, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016); *see also Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) ("The subpoena does not impose an undue burden on Doe because he is not the party directed to respond to it."); *First Time Videos, LLC v. Does 1-18*, 2011 WL 4079177, at *1 (S.D. Ind. Sept. 13, 2011) ("[T]he issuance of a subpoena to the Internet Service Provider of putative defendants does not create an undue burden on the putative defendants because they are not required to produce anything."). Plaintiff's concerns have no application in the undue burden analysis because any such burden the subpoena imposes would be on Ascension, and any objection on that ground would have to be raised by Ascension, not Plaintiff.

Plaintiff argues that the subpoena is "overbroad, impermissible, and seeks irrelevant information" and that such "blanket requests" are impermissible. [Dkt. 53 at 3-4.] Plaintiff further asserts that "[r]egardless of the facts surrounding Plaintiff's employment at any of the subpoenaed employers, it is not remotely apparent what differen[ce] that would make regarding the allegations of discrimination she has made in this case," and that, "Plaintiff's prior and current employment has little if any bearing on this issue." [Dkt. 53 at 4.] In response, Defendant contends that the information sought in the subpoena is "directly relevant to [Defendant's] mitigation defense." [Dkt. 56 at 5.] The Court agrees with Defendant.

While Title VII claimants have a statutory duty to mitigate damages, the employer bears the burden of proving a failure to mitigate. *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994). Upon a finding of a failure to mitigate, an award of back pay and front pay must be reduced by the amount the employee could have earned with reasonable diligence. *Id.*

Subsequent employment records setting forth the details of a Title VII Plaintiff's application and disciplinary records are discoverable and relevant to the issue of mitigation of damages. *See, e.g., Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 252 (S.D. Ind. 2002) (denying a motion to quash subpoena requesting employee's personnel files from a nonparty employer because it could help defendant develop a mitigation defense); *Langen v. Wells Fargo Bank, N.A.*, 2012 WL 4473305, at *2 (C.D. Ill. Sept. 26, 2012) (where plaintiff sought back pay and front pay and defendant sought employment information from plaintiff's subsequent employers, the court found the information discoverable because it was relevant to the mitigation of damages).

Defendant's request is neither a "blank request" nor impermissibly broad; rather, it is narrowly-tailored to seek information regarding Plaintiff's application, performance, hiring, and end of employment with Ascension, which could lead to the discovery of admissible evidence regarding Defendant's mitigation defense. Since Plaintiff is seeking damages for lost wages and benefits in excess of $3,000,000, [Dkt. 1 at 3], and Title VII expressly requires that the back pay award be reduced by the "amounts earnable with reasonable diligence by the person or persons discriminated against," 42 U.S.C. § 2000e-5(g)(1), Defendant is entitled to information relevant to these calculations. Likewise, disciplinary and other performance records from Ascension are relevant to demonstrate Plaintiff's efforts to reasonably mitigate her damages,[2] as such documents could indicate whether Plaintiff rejected certain employment benefits available to her

---

[2] Although Defendant's overall argument has merit, it misplaces its reliance on *Richmond v. UPS Serv. Parts Logistics*, 2002 WL 745588, at *4 (S.D. Ind. Apr. 25, 2002), for its argument that it is entitled to the documents from Ascension because it relates to its mitigation defense. That case did not involve discovery related to mitigation of damages defense, but rather, discovery related to an after-acquired evidence defense.

or whether her general job performance caused her to be terminated.  Accordingly, Defendant has carried its burden of demonstrating the relevance of its request on Ascension.

Plaintiff also objects to Defendant serving the subpoena on Ascension because she has "already provided the 2017 and 2018 tax returns, which cover the timeframe of wages earned at each subpoenaed employer," has produced "copies of all 2018 W-2's and/or offer letters to allow Defendant to differentiate between Ardagh 2018 income from other 2018 income," and has produced deposition testimony necessary for the mitigation defense.  [Dkt. 53 at 3.]  During her deposition, Plaintiff testified, "I was terminated," in response to Defendant's question of why she left Ascension.  [Dkt. 56-5 at 3.]  When asked for what reason, Plaintiff answered, "[Ascension] found out about the lawsuit I have with [Defendant] and said they had a problem with my leadership." [*Id*.]  When asked how she knew that Ascension had found out about the lawsuit, Plaintiff responded, "[m]y manager told me," identifying her manager at Ascension as "Brian O'Dell." [*Id*.]  Plaintiff further stated, "that some team leads had heard that [she] had a lawsuit with [Defendant], and because of that, he had a problem with my leadership." [*Id*.]  When asked, "What did you tell him?" Plaintiff replied, "I told him it was none of his business, and he cannot legally speak to me about that." [*Id*.]  Even though Plaintiff testified about her subsequent employment with Ascension and produced W-2s, the information she produced only demonstrates Plaintiff's view on her mitigation efforts.  Nonetheless, Defendant is entitled to serve a subpoena on Ascension to ensure that it has complete information regarding Plaintiff's mitigation efforts.  *See Langen v. Wells Fargo Bank*, No. 11-cv-3369. 2012 WL 4473305, at *2-3 (C.D. Ill. Sept. 26, 2012); *Hite v. Peters*, 2009 WL 1748860, at *13-4 n.3 (D.N.J. June 19, 2009) (rejecting the argument that a party is precluded from seeking additional documents after being provided some documentation).

Finally, Plaintiff asserts that serving the subpoena will cause her "prejudice and embarrassment" because Ascension has "2,600 sites of care and 151 hospitals in 21 states," and claims that, if she sought employment at any of these location, her application would be "adversely affected by the fact that her records had been subpoenaed in this lawsuit." [Dkt. 53 at 3.] Plaintiff's reason is based on mere speculation. As Defendant correctly points out, "Ascension already knows of this lawsuit." [Dkt. 56 at 8.] Defendant's need for the relevant information sought by serving the subpoena outweighs Plaintiff's hypothetical and speculative risk, especially in light of the fact that Plaintiff has testified that Ascension terminated her because of her lawsuit against Defendant.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Quash Subpoena is **DENIED**. [Dkt. 53.] Defendant may serve its proposed subpoena on Ascension, with a proposed deadline for a response.

SO ORDERED.

Dated: 23 MAR 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ANTOINETTE TAKIA BELL
12240 Misty Way
Indianapolis, IN 46236

Brian L. McDermott
JACKSON LEWIS PC (Indianapolis)
brian.mcdermott@jacksonlewis.com

Caitlin S. Schroeder
JACKSON LEWIS PC (Indianapolis)
caitlin.schroeder@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com